UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

GARY JOHNSON,    No. 2:08-cv-01455-MCE-EFB

    Plaintiff,

  v.    **ORDER**

ADRIENNE SIMONE; TODD LATIN; WALID ZOGHBI; GINA ZOGHBI; and Does 1 through 10,

    Defendants.

----oo0oo----

This lawsuit seeks damages for personal injuries sustained by Plaintiff Gary Johnson on September 25, 2007, when he was shot in the head while walking behind the backyard fence of a house owned by Defendants Walid Zoghbi and Gina Zoghbi and rented to William Didomizio. According to Plaintiff's First Amended Complaint, Mr. DiDomizio was growing marijuana at the home and enlisted the aid of Defendant Adrienne Simone to stay at the house and help prevent the theft of marijuana plants being cultivated there. First Amended Compl. ("FAC"), ¶ 7.

///

1

1  The FAC goes on to allege that an intoxicated Ms. Simone fired a
2  warning shot with a rifle supplied by another Defendant, Todd
3  Latin, and consequently injured Plaintiff.  Id.
4      Although it contained a litany of state law causes of action
5  including negligence, premises liability, intentional infliction
6  of emotional distress, and assault and battery, the only even
7  arguable mention of any violation giving rise to federal
8  jurisdiction came within the Fifth Cause of Action, for Invasion
9  of Privacy Interests, in which Plaintiff asserted generally that
10 as a result of Defendants' breaches his fundamental privacy
11 interests protected by federal law were violated.  FAC, ¶ 27.
12     On September 15, 2008, given its concern whether the
13 circumstances of this case implicated any federally protected
14 privacy right, the Court issued an Order to Show Cause as to why
15 the case should not be dismissed for lack of federal
16 jurisdiction.  On September 26, 2008, Plaintiff filed a brief in
17 support of federal jurisdiction, which reasserted his purported
18 right to privacy claim and further alleged that Plaintiff was
19 entitled to pursue a claim under the Racketeer Influenced and
20 Corrupt Organizations Act, 18 U.S.C. § 1961 et seq. ("RICO").
21     On October 15, 2008, Plaintiff filed a motion seeking leave
22 to amend his complaint to include his purported RICO claim as a
23 basis for federal jurisdiction, and the Court decided to defer
24 any decision as to the propriety of federal jurisdiction pending
25 the outcome of that motion, which is now before the Court.
26 ///
27 ///
28 ///

First, with respect to the alleged privacy claim, Plaintiff's September 26, 2008 brief cites, as support for the proposition that such a claim is available here, the Supreme Court's decision in Griswold v. Conn., 381 U.S. 479 (1965). Plaintiff's reliance on Griswold given the circumstances of this case, however, is unavailing.  Griswold held that a law forbidding the use of contraceptives unconstitutionally impinged on the right to marital privacy, which the Court found to be within the penumbra of the freedom of association guaranteed by the First Amendment.  While the rationale of Griswold has been extended to other fundamental personal rights, under no stretch of the imagination is it applicable here, where according to Plaintiff's own complaint he was simply walking behind the property owned and occupied by Defendants when the shooting occurred.  Under those circumstances, the Court is hard-pressed to contemplate how any right of privacy is implicated, let alone a fundamental right of privacy of the type guaranteed by Griswold and its progeny.

Second, having disposed of any potential privacy claim as a rationale for federal jurisdiction, the only remaining question is whether Plaintiff's pleadings are susceptible to amendment to include a federal question RICO claim, as Plaintiff requests permission to do under his Motion for Leave to File a Second Amended Complaint.

Although Federal Rule of Civil Procedure 15(a)(2) provides that leave of court to amend a party's pleadings should ordinarily be freely given, denial is nonetheless appropriate where the amendment sought would be futile.

3

1  See Bowles v. Reade, 198 F.3d 752, 758 (9th Cir. 1999).  Here the
2  amendment sought by Plaintiff to add a RICO claim is clearly
3  futile, and without a RICO claim there is no basis whatsoever for
4  federal jurisdiction.
5     Plaintiff's lawsuit is clearly an action seeking redress for
6  the personal injuries he sustained as a result of the September
7  25, 2007 incident giving rise to this case.  Civil remedies
8  available under RICO pursuant to 18 U.S.C. § 1964(c), however,
9  are limited to injuries to "business or property".  Personal
10 injury and financial loss incident to such injury do not
11 demonstrate the proprietary type of injury sufficient to maintain
12 a RICO claim.  Oscar v. University Students Co-Operative Ass'n,
13 965 F.2d 783, 785-786 (9th Cir. 1992).  In making that
14 determination, Oscar cites to the Supreme Court's decision in
15 Reiter v. Sonatone, 442 U.S. 330, 339 (1979), which construed
16 identical "business or property" language contained within the
17 Clayton Act, upon which the RICO statute was patterned, as
18 excluding personal injuries.  Id.
19    Significantly, too, the Oscar court also approvingly cites
20 to the Third Circuit's opinion in Genty v. Resolution Trust
21 Corp., 937 F.2d 899 (3d Cir. 1991), which states in pertinent
22 part as follows:
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

4

> "Congress' apparent unwillingness to allow recovery for personal injuries under RICO appear to be consistent with enacting RICO and its specific intention to thwart the organized criminal invasion and acquisition of legitimate business enterprises and property. Ample law already existed to provide recovery for wrongfully inflicted personal injuries. The unavailability of a civil RICO treble damages action for personal injuries in no way restricts the plaintiff's right to bring a pendent state wrongful death or personal injury action along with a RICO action for damages to business and property. We discern no injustice in limiting a RICO plaintiff's recovery for his personal injuries to ordinary non-RICO legal measures."

Id. at 918.

After expressing its agreement with the above pronouncement, the Ninth Circuit concluded that "RICO was intended to combat organized crime, not to provide a federal cause of action and treble damages to every tort plaintiff. Requiring that a plaintiff demonstrate a financial loss to her business or property is consistent with that purpose." Oscar v. University Students, 965 F.2d at 786.

The logic of both Oscar and Genty is equally applicable here. Plaintiff can seek redress for his personal injuries in state court, and is precluded from doing so here under the auspices of RICO. Because Plaintiff could not state a viable claim under RICO even if he was afforded leave to amend his complaint to do so, any such amendment would be futile and will consequently not be permitted. Plaintiff's Motion for Leave to File Second Amended Complaint is hereby DENIED.[1]

///

---

[1] Because oral argument would not be of material assistance, this matter was deemed suitable for decision without oral argument. E.D. Local Rule 78-230(h).

5

Because Plaintiff has not pled any cognizable federal claim, this case is dismissed, without prejudice, for lack of subject matter jurisdiction.  The Clerk is directed to close the file.

   IT IS SO ORDERED.

Dated: December 12, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE